I must respectfully dissent from the majority's holding in this appeal only as to the issue of the excessiveness of the punitive-damages award. The majority approves an award having a ratio of punitive damages to compensatory damages of 35:1 "[b]ased on the level of reprehensibility in the misconduct evidenced in this case, coupled with the financial vulnerability of the plaintiffs and the litigation costs incurred. . . ." 726 So.2d at 625. The majority recognizes that the conduct in this case is not highly reprehensible. Id. at 623. While I agree that in an appropriate case litigation costs can justify an enhancement of punitive damages in order to compensate the victims' attorneys, the Hammond/Green Oil findings in this case do not support such an enhancement. As the majority recognizes, "[t]he trial court's findings upon remand are silent as to this factor." Id. at 624. I am unwilling to speculate.
Because of the absence of highly reprehensible conduct and the absence of findings supporting a specific supplemental award to cover the litigation costs, I would approve an award bearing a 3:1 ratio of punitive damages to compensatory damages based on the rationale set forth in my writing in Life Ins. Co. of Georgiav. Johnson, 701 So.2d 524, 535 (Ala. 1997) (See, J., concurring in part and dissenting in part). Accord Union Sec. Life Ins. Co.v. Crocker, 709 So.2d 1118, 1124 (Ala. 1997) (See, J., dissenting) (noting the arbitrary amounts of punitive awards approved by this Court since BMW of North America, Inc. v. Gore,517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)).
I therefore dissent. *Page 626